**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Ja'net Whimper-Sullivan,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-02618-PHX-DLR<br><br>**ORDER** |

Plaintiff Tamara Ja'net Whimper-Sullivan applied for disability insurance benefits and for a period of disability, alleging disability beginning October 20, 2015. (A.R. 14.) The claim was denied initially on June 27, 2016, and upon reconsideration on July 18, 2016. (*Id.*) Plaintiff then requested a hearing. (*Id.*) On January 4, 2017, Plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 28-59.) At the hearing, Plaintiff amended her alleged onset date to August 17, 2015. (*Id.* at 14.)

On February 28, 2017, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act, which became the Commissioner's final decision when the Appeals Council denied review. (*Id.* at 1-3.) On August 4, 2017, Plaintiff sought review by this Court. (Doc. 1.) After receipt of the administrative record (Doc. 11), the parties fully briefed the issues for review (Docs. 12-13). For reasons stated below, the Court reverses the Commissioner's decision and

remands for further proceedings.

## **BACKGROUND**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity (RFC) and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

At step one, the ALJ found that Plaintiff meets the insured status requirements through December 31, 2020, and has not engaged in substantial gainful activity since August 17, 2015. (A.R. 16.) At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar osteophytes, scoliosis, lumbar radiculopathy, obesity, post-traumatic stress disorder (PTSD), depression, adjustment disorder, and cannabis use disorder. (*Id.*) At step three, the ALJ determined that Plaintiff's listed impairments do not meet or equal the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 13.) At step four, the ALJ found that Plaintiff:

> has the [RFC] to perform sedentary work . . . except [she] is limited to unskilled work. She can have occasional contact

> with supervisors, co-workers and the general public. [She] needs a sit/stand option every 30 minutes for position changes.

(*Id.* at 19.) The ALJ also found that Plaintiff is unable to perform any past relevant work. (*Id.* at 22.) At step five, however, after considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 23.) Accordingly, the ALJ found Plaintiff not disabled. (*Id.* at 23-24.)

## **STANDARD OF REVIEW**

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## **DISCUSSION**

On appeal, Plaintiff challenges whether the ALJ's RFC determination is supported by substantial evidence. Specifically, Plaintiff contends that the ALJ gave improper weight to Veteran Affairs' (VA) disability determination, failed to give appropriate weight to her treating physician, and erred in not doing the proper analysis required under 20 C.F.R. § 404.1535 for Plaintiff's cannabis use disorder. Plaintiff also asserts that the Appeals Council improperly ignored new and material evidence regarding her lumbar and psychological conditions. Having reviewed the record and the parties' briefs, the Court concludes that the ALJ erred in giving only little weight to the VA disability

determination. Moreover, the ALJ's decision must be reversed because this legal error was not harmless.

**I. The ALJ Erred in Determining Plaintiff's RFC**

    **A. VA's Disability Determination**

"[A]n ALJ must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). This is so because the two programs share the same goal of "providing benefits to those unable to work because of a serious disability" and "evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis" by focusing on "analyzing a claimant's functional limitations." *Id.* However, a finding of disability by the VA does not compel the ALJ to also find disability, and "the ALJ may give less weight to a VA disability rating if she gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* For example, an ALJ may give less weight to a VA disability rating where the ALJ "had evidence the VA did not, which undermined the evidence the VA did have." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009). *McCartey* clarified, however, that although the two programs are different, the similarities in their functions and goals require an ALJ to do more than point to the programs' differences to justify rejecting the evidentiary significance of a VA disability rating. 298 F.3d at 1076; *see also Valentine*, 574 F.3d at 695 ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*.").

The VA determined that Plaintiff had a disability rating of 70% as of August 17, 2015, and a temporary service-connected disability rating of 100% as of October 20, 2015. (A.R. 173.) The ALJ gave the VA's disability rating "little weight," reasoning that:

> The disability determination process utilized by the [VA] and the Social Security Administration are fundamentally different. [The VA] does not make a function-by-function assessment of an individual's capabilities (i.e. determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or

> other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the [VA] is of little probative value in these proceedings.

(*Id.* at 21.) In effect, the ALJ gave little weight to VA's disability rating because of the differences in the criteria between the two programs, which, alone, cannot serve as a persuasive, specific, and valid reason for discounting the VA's findings. *See Moseley v. Comm'r Soc. Sec. Admin.*, No. 16-CV-2294-GMS-PHX, 2017 WL 2875577, at *9-10 (D. Ariz. July 3, 2017). The Court therefore finds the ALJ's decision is not "supported by substantial evidence and free from legal error." *See Ames v. Astrue*, No. 11-CV-163-TUC-GEE, 2012 WL 1191862, at *5 (D. Ariz. Apr. 10, 2012).

### B. Treating Physician Opinion

Plaintiff also asserts that the ALJ should have given greater weight to the opinions of her treating physicians. (Doc. 12 at 6.) Specifically, Plaintiff challenges the ALJ's failure to discuss her diagnoses of PTSD and degenerative disc disease from the VA in October 2013. (*Id.* at 5-6.) This argument is unavailing. Plaintiff's alleged disability onset date is August 2015, nearly two years after the medical opinions cited by Plaintiff. Medical opinions of any physician, treating or examining, which predate the alleged onset of disability are of limited relevance and need not be discussed. *See, e.g.*, *Gunderson v. Astrue*, 371 Fed. App'x 807, 809 (9th Cir. 2010) (holding that the ALJ did not err medical opinions rendered nearly two years before the alleged onset date of the plaintiff's disabilities); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative.").

### C. Cannabis Use Disorder

Plaintiff contends that the ALJ erred in not assessing the materiality of Plaintiff's cannabis use disorder under 20 C.F.R. § 404.1535. The Court disagrees. Under 42 U.S.C. § 423(d)(2)(C), a person is not considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's

determination that the individual is disabled." Only if the ALJ first determines that the plaintiff is disabled under the five-step inquiry, must the ALJ determine whether the plaintiff's alcoholism or drug addiction is material. Stated differently, the "ALJ must first conduct the five-step inquiry without separating out the impact of . . . drug addiction." *Bustamante v. Massanari*, 262 F.3d 939, 955 (9th Cir. 2001). If, after conducting the 5-step inquiry, the "ALJ finds that the claimant is not disabled . . . , then the claimant is not entitled to benefits and there is no need to proceed with the analysis . . . ." *Id.* Here, the ALJ found Plaintiff was not disabled after conducting the five-step inquiry. Although the ALJ did not err by not proceeding to determine materiality of Plaintiff's cannabis use under § 404.1535(a), if, on remand, after giving proper weigh the VA's disability determination, the ALJ determines that Plaintiff is disabled, the ALJ must conduct an evaluation of the materiality of Plaintiff's cannabis use under § 404.1535(a) .

**II. The Appeal's Council Did Not Err in Rejecting New Evidence**

In her Request for Review of the ALJ's decision to the Appeals Council, Plaintiff requested that the Appeals Council consider new evidence related to her lumbar and psychological impairments. Specifically, Plaintiff offered records from the Veteran's Administration Hospital from 2006 through 2009. (Doc. 12 at 8.) The Appeals Council denied Plaintiff's Request for Review, stating: "You submitted 31 pages from the Department of Veteran's Affairs . . . . We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider . . . this evidence." (A.R. 2.)

Plaintiff argues the Appeals Council erred in finding the new evidence immaterial and not taking it into account in reviewing the ALJ's decision. (Doc. 12 at 7-9.) In support, Plaintiff cites 20 C.F.R. § 404.970(b), which states that the Appeals Council will review a case if it receives "new" and "material" evidence that "relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." Stated differently, "the Appeals Council must engage in a materiality inquiry, and only if the [plaintiff's] new

evidence is material and relates to the period on or before the date of the ALJ's decision may the Appeals Council then consider the ALJ's decision in light of the additional evidence." *Grigsby v. Barnhart*, 76 Fed. App'x 814, 817 (9th Cir. 2003) (Paez, J., dissenting).

Plaintiff highlights three pieces of new evidence. First, Plaintiff contends that the new evidence contains an MRI of her back, which refutes the ALJ's claim that "[t]he medical evidence shows no imaging during the adjudicated period . . . ." (A.R. 22.) The Court disagrees. The MRI contained in the new evidence is dated June 2006, nearly 10 years before the adjudicated period. Moreover, the results of the 2006 MRI show that, other than minimal disc bulge at L4/L5, Plaintiff's lumbar spine is otherwise unremarkable. (Doc. 12 at 8.)

Next Plaintiff contends that the new evidence is material because it contains an opinion from a VA physician that Plaintiff is unable to work due to her back condition. (*Id.* at 9.) Much like the MRI, the medical opinion is of limited relevance because it was rendered nearly 10 years before the alleged disability onset date, and it was not rendered as a permanent limitation. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Finally, Plaintiff contends that the new evidence contains Global Assessment of Functioning (GAF) scores of 53 and 55, which demonstrate moderate to serious difficulty in social function. (Doc. 12 at 9.) This evidence is not material because it is consistent with the ALJ's findings as to Plaintiff's social functioning. (A.R. 21); *see McFarland v. Astrue*, 288 Fed. App'x 357, 359 (9th Cir. 2008) (finding that the ALJ did not err in failing to address GAF scores when the RFC was not inconsistent with GAF scores.) Because the new evidence presented to the Appeals Council was not material, the Court finds that there was no error in the Appeals Council's denial of review. *See E.R.H. v. Comm'r Soc. Sec. Admin.*, 384 Fed. App'x 573, 576 (9th Cir. 2010).

## **CONCLUSION**

The Court declines Plaintiff's invitation to credit the improperly discounted evidence as true and remand for immediate award of benefits. Further proceedings would serve a useful purpose. First, the ALJ should be given an opportunity to re-examine the VA's disability determination and assign it whatever weight the ALJ deems appropriate without relying solely on the differences between the two programs. Second, if the ALJ determines on remand that Plaintiff is disabled, the ALJ will need to re-examine Plaintiff's cannabis use is material under § 404.1535(a).

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and the case **REMANDED** for further proceedings. The Clerk shall enter judgment accordingly and terminate the case.

Dated this 19th day of September, 2018.

Douglas L. Rayes
United States District Judge